UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

HAITIAN CHURCH OF GOD,

    Plaintiff,

v.

GREAT LAKES INSURANCE SE,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant, Great Lakes Insurance SE ("Defendant" or "Great Lakes"), removes the action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-022030-CA-01. The Miami-Dade County Circuit Court is within the Miami Division of the Southern District of Florida. Removal is based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441(a), (b), and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship Plaintiff, Haitian Church of God[1] ("Plaintiff"), and Great Lakes, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

---

[1] In its August 26, 2023 Complaint filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-022030-CA-01, Plaintiff's name is listed as "Haitian Church of God."  However, according to the Florida Division of Corporations records, the legal name of the entity is "Homestead Haitian Church of God, Inc."  For purposes of this Notice, the Plaintiff will be referred to as "Plaintiff" or "Haitian Church of God."

1

## II. PROCEDURAL BACKGROUND AND COMPLIANCE

This case involves a Complaint regarding the interpretation and application of a property insurance contract. However, the Complaint only incudes a general allegation regarding the amount in controversy, stating that damages exceed Fifty Thousand Dollars ($50,000.00) Compl. at ¶ 1. Plaintiff alleges that the subject property suffered "covered losses and damages to the property caused at least in part by Hurricane Ian" on September 28, 2022. Compl. at ¶ 8. Thereafter, Plaintiff "made a claim against the Policy." Compl. at ¶ 9. Subsequently, Plaintiff alleges that Defendant "breached the Policy by failing to provide necessary reimbursement for covered losses in accordance with the Policy." Compl. at ¶ 13. Plaintiff filed this action in the state court on August 26, 2023.[2] Great Lakes was served with a copy of the Complaint (the "Complaint") on September 7, 2023.

At the time of service, the case was not removable based on the allegations in the initial pleading. Thus, after making several unsuccessful attempts at soliciting a settlement demand to confirm the amount in controversy, on September 26, 2023, Defendant, propounded its Requests for Admission to Plaintiff, in which it sought information as to whether Plaintiff is seeking damages, exclusive of fees and costs thus far incurred, in excess of Seventy-Five Thousand Dollars ($75,000.00).[3] Plaintiff's response to Defendant's Requests for Admission was not served on Defendant within the 30 days allotted by the Florida Rules of Civil Procedure, to wit, October 26, 2023. *See* Fla. R. Civ. P. 1.370 ("The matter is admitted unless the party to whom the request is

---

[2] A current and correct copy of the Miami-Dade County Circuit Court's progress docket is attached as **EXHIBIT A.**
[3] Great Lakes' counsel emailed Plaintiff's counsel on September 14 and September 19, 2023, to solicit a settlement demand to evaluate the amount in controversy, but no response was provided.

2

directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request…"). Accordingly, Plaintiff has *de facto* admitted that the amount in controversy, exclusive of fees and costs thus far incurred, exceeds of Seventy-Five Thousand Dollars ($75,000.00).

Plaintiff's admission to Defendant's Request for Admission constitutes an "other paper" under 28 U.S.C. 1446(b)(3), thus making the action removable – indeed, this Court has said so in many cases. *See, e.g., Lasarso v. Best Buy Stores, L.P.*, No. 808-CV-1420-T-30TGW, 2008 WL 3254210, at *2 (M.D. Fla. Aug. 7, 2008) (finding that, while defendants stated their *belief* that the amount in controversy exceeded the jurisdictional threshold based on a fair reading of the complaint, defendants were not actually on notice that the amount in controversy exceeded the jurisdictional threshold until they received plaintiff's answer to their request for admission); *Sibilia v. Makita Corp.*, 782 F.Supp. 2d 1329, 1330 (M.D. Fla. 2010) (denying plaintiff's motion for remand, where defendant based its second removal on plaintiff's amended answer to defendant's request for admission, in which plaintiff admitted the amount in controversy exceeded the jurisdictional threshold); *see also Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *3 (M.D. Fla. May 15, 2014) (finding that an answer to a request for admission that admitted plaintiff's damages exceeded $75,000 was an "other paper" for removal purposes).

The plain language of 28 U.S.C. § 1446(b)(3) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. *Chapman v. Powermatic, Inc.,* 969 F. 2d 160, 164 (5th Cir. 1992). The second paragraph of § 1446(b) applies by its terms only "if the case stated by the initial pleading is not removable...." 28 U.S.C. § 1446(b). More important, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from

which the defendant may first ascertain that the case is removable. *Chapman*, 969 F. 2d at 164. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper;" and therefore, the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. *Id*.

It should be noted that, while Great Lakes received a *pre-suit* estimate of repairs that exceeded the jurisdictional threshold, the trigger for the removal timeframe was not until Great Lakes received Plaintiff's admission to the Requests for Admission. Rather than prematurely attempt to remove this case based on the *pre-suit* estimate, Great Lakes followed "the well-recognized and accepted practice of basing its notice of removal upon Plaintiff's answers to requests for admission about the amount in controversy so as to avoid the speculation and the subjective ambiguity inherent in seeking removal based on the selectively-chosen documents appended to a pre-suit settlement demand letter." *Lambertson v. Go Fit, LLC*, 918 F.Supp. 2d 1283, 1285 (S.D. Fla. 2013) (finding that the removal period was triggered by plaintiff's answers to defendant's requests for admission, rather than plaintiff's pre-suit demand package where initial pleading stated only that amount in controversy exceeded $15,000.). More specifically, "courts have recognized, if pre-suit documents were allowed to trigger the thirty-day limitation in 28 U.S.C. § 1446(b), defendants would be forced to 'guess as to an action's removability, thus encouraging premature, and often unwarranted removal requests.'" *Id.* at 1286 (quoting *Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, Case No. 09-cv-1711-Orl-31DAB, 2009 WL 4855700 (M.D. Fla. Dec. 10, 2009)). Therefore, Great Lakes' deadline for removal is November 27, 2023, and this notice is timely pursuant to 28 U.S.C. § 1446(b)(3).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **COMPOSITE EXHIBIT B** in compliance with 28 U.S.C. § 1446(a). Great Lakes will file any supplemental papers not available as of the date of this Notice if they become necessary.

Contemporaneously with the filing of this Notice of Removal, Great Lakes has served Defendant's Notice of Filing Notice of Removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT C**. The original Notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Great Lakes is the only Defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

As further demonstrated herein, this action is removable to this Court given that there is a complete diversity of citizenship between the Parties and the matter in controversy exceeds $75,000.00, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a).

28 U.S.C. § 1332(a)(2) provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> …
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

5

A. **The amount in controversy exceeds $75,000 and is evidenced by Plaintiff's admission to Defendant's Requests for Admission**

In setting forth the amount in controversy, "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)). But if there is a dispute regarding the amount in controversy, the burden rests on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 88. (quoting 28 U.S.C. § 1446(c)(2)(B)).

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F.Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F.Supp. 3d 1356, 1360 (S.D. Fla. 2015).

On September 26, 2023, the Defendant propounded Requests for Admission on the Plaintiff, in which it sought information as to whether Plaintiff is seeking damages, exclusive of fees and costs thus far incurred, in excess of Seventy-Five Thousand Dollars ($75,000.00). As described above, Plaintiff's response to Defendant's Requests for Admission was not served on Defendant within the 30 days allotted by the Florida Rules of Civil Procedure, to wit, October 26,

6

2023, and therefore, the requests were deemed admitted. *See* Fla. R. Civ. P. 1.370. A copy of the September 26, 2023 service email in which Defendant served Plaintiff with its Requests for Admission is attached hereto as **EXHIBIT D**.

Additionally, on or about December 16, 2022, during the adjustment of the subject claim and before filing suit, Plaintiff's public adjuster, People's Insurance Claim Center, Inc., provided Great Lakes with a 13-page, room-by-room, detailed repair estimate in the amount of $190,247.06 (the "Estimate"). Thereafter, on July 12, 2023, Plaintiff filed a Property Insurance Notice of Intent to Initiate Litigation ("NOI"), with the Florida Department of Financial Services, which was served upon Great Lakes pursuant to Section 627.70152, Florida Statutes. Though the NOI claimed $0 in damages, Plaintiff attached the Estimate to the NOI. For the Court's consideration, the NOI and the Estimate are attached as **COMPOSITE EXHIBIT E**.

While settlement offers do not automatically establish the amount in controversy, courts do evaluate whether demand letters "reflect puffing and posturing" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction," but can provide support for a claim for damages). As mentioned, Plaintiff's pre-suit estimate was insufficient to trigger removal when the initial pleading, merely containing a general allegation regarding damages, was served, and the NOI claimed damages of $0. However, Plaintiff's post-suit admission *and* the repair estimate collectively serve to reinforce that Plaintiff is seeking damages in excess of $75,000.00. *See, Lamb*, 2010 WL 6790539, at *2.

**B.      Complete diversity of citizenships exists between the parties.**

   **i.      Plaintiff is a citizen of Florida.**

Plaintiff, Haitian Church of God, formally known as Homestead Haitian Church of God, Inc., is a corporation. Accordingly, a corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (noting that corporations are "citizens" for diversity purposes wherever they are incorporated and have their principal place of business).

Pursuant to Plaintiff's filing with the Florida Department of State[4], Haitian Church of God is a profit corporation incorporated in Florida and maintains its principal address at 185 N.W. 1st Street, Homestead, Florida 33030. *See* Florida Division of Corporations filing attached as **EXHIBIT F**. Therefore, Plaintiff's state of incorporation and its principal place of business are both Florida. As such, Plaintiff is a citizen of Florida.

   **ii.      Defendant is a citizen of Germany.**

Defendant, Great Lakes Insurance SE, is organized as Societas Europaea, or "SE," and is a European corporation pursuant to the corporate laws of the European Union. In determining the citizenship of an SE for federal diversity jurisdiction purposes, the district court in *SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Insurance Limited, Certain Underwriters at Lloyd's*, Civ. Nos. GJH-19-873 and GJH-19-1510, 2021 WL 2550505 (D. Md. June 21, 2021) found that an SE had all of the features of a U.S. corporation. *Id*. at *9. Accordingly, the court concluded that an SE should be treated like a U.S. corporation for the purposes of diversity jurisdiction. *Id*.

---

[4] Courts routinely look to evidence such as public records to determine a party's citizenship or domicile. *Chevaldina v. Katz*, 787 Fed. App'x 651, 654 (11th Cir. 2019).

Therefore, when determining Great Lakes' citizenship, it is a citizen of both its state of incorporation and principal place of business for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

Great Lakes' registered office is in Munich, Germany, entered into the commercial register of the local court in Munich under HRB 230378. Furthermore, Great Lakes' principal place of business is at Königinstrasse 107, 80802 Munich, Germany. Therefore, Great Lakes' state of incorporation and principal place of business are both Munich, Germany, and Defendant is therefore a citizen of Germany. Accordingly, because Plaintiff is a citizen of Florida and Defendant is a citizen of Germany, there is complete diversity between the parties.

**C.    This action is filed in Miami-Dade County, located in the Miami Division of this Court.**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendant s, to the district court of the United States for the district and division embracing the place where such action is pending."

Here, Plaintiff filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, thereby submitting to the jurisdiction of Miami-Dade County as the proper venue. Miami-Dade County is located in the Miami Division of this Court. Accordingly, Defendant states that removal to the Miami Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between the Plaintiff and the Defendant, and the matter in controversy, exclusive of interest and costs,

exceeds $75,000. Great Lakes has met all procedural requisites for removal, and this notice is timely filed. Accordingly, Great Lakes respectfully requests the Court take jurisdiction and conduct all further proceedings in this case.

Submitted this November 21, 2023.

By: */s/ David B. Levin*
David B. Levin
Florida Bar No.: 026394
dlevin@bakerdonelson.com
Kirstin M. Grice
Florida Bar No.: 1011793
kgrice@bakersondelcon.com

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 21, 2023, I filed the foregoing Notice of Removal electronically via CM/ECF, which will send notice to all parties/attorneys on the list to receive service/notice in this case, including but not limited to:

May Hustey, Esq.
Gold Litigation P.A.
P.O. Box 37
Dania, Florida 33004
May@goldlitigation.com
filings@goldlitigation.com
Attorney for Plaintiff

*/s/ David B. Levin*