# COMPOSITE

# EXHIBIT B

Filing # 180590412 E-Filed 08/26/2023 11:16:36 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Haitian Church of God</u>
Plaintiff                                                    Case # _____
                                                              Judge  _____

vs.
<u>Great Lakes Insurance SE</u>
  Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☒ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.      DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ May Hustey</u>         Fla. Bar # <u>153214</u>
      Attorney or party              (Bar # if attorney)

<u>May Hustey</u>         <u>08/26/2023</u>
  (type or print name)         Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

      Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

      Defendant.

CASE NO.:

## COMPLAINT

The Plaintiff, Haitian Church of God , ("Plaintiff"), by and through undersigned counsel, hereby sues the defendant, Great Lakes Insurance SE ("Defendant"), and in so doing, alleges the following:

1.     This Honorable Court has jurisdiction pursuant to 26.012 Fla. Stat., as the amount in controversy exceeds $50,000.00, and venue is proper as all acts material hereto took place in Miami-Dade County, Florida.

2.     The Plaintiff is a resident of the State of Florida, who is over the age of eighteen (18) and is otherwise sui juris.

3.     The Defendant is a Florida corporation that conducts business in Miami-Dade County, Florida.

4.     The Defendant issued homeowners' insurance policy number 21GLK0717 to the Plaintiff (the "Policy"). The Policy provides insurance coverage for real property owned by the Plaintiff, which is located at 185 NW 1 ST.  Homestead, FL 33033 (the "Property"). The Plaintiff does not a have a true and correct copy of the Policy, which is in the Defendant's possession, custody and control and can be obtained through discovery in this action.

5.     The Policy provides insurance coverage for damage to the Property caused by, *inter alia*, Hurricane Ian, and also provides coverage for replacement of personal property destroyed and/or damaged by a covered loss, and alternative living arrangement expense reimbursement if and when the Property becomes uninhabitable.

6.     At all times material hereto, the Policy was in full force and effect.

7.     At all times material hereto, the Plaintiff was a party to the Policy and an insured of the Defendant.

8.     On or about 9/28/2022, the Plaintiff suffered covered losses and damages to the property caused at least in part by Hurricane Ian.

9.     After suffering the covered losses to the Property, the Plaintiff made a claim against the Policy, which was assigned claim number 221594 by the Defendant (the "Claim").

10.    All conditions precedent to the filing and maintenance of this action have been performed, occurred or were otherwise waived.

11.    The Plaintiff has been forced to retain the undersigned counsel and is obligated to pay a reasonable fee thereto.

12.    Pursuant to the Policy and § 627.428 Fla. Stat., the Plaintiff is entitled to recover the reasonable attorneys' fees and costs incurred in this regard from the Defendant.

13.    The Plaintiff provided the Defendant with timely notice of the Claim, and complied with all conditions and obligations imposed by the Policy. Never-the-less, the Defendant breached the Policy by failing to provide necessary reimbursement for covered losses in accordance with the Policy.

14.    The Plaintiff received correspondences from the Defendant advising that the claim would be denied due to a purported exclusion in the Policy and/or the Defendant is not going to honor the Claim.

15.    The Defendant failed to make a full payment for Plaintiff's losses, which are covered by the Policy.

16.    The Defendant has failed to timely evaluate and pay the benefits owed to the Plaintiff under the Policy.

17.    As a direct result of the Defendant's breaches of the Policy, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant and in so doing, award the Plaintiff the actual damages incurred in this regard, along with pre-judgment and post-judgment interest and the reasonable attorneys' fees and costs incurred in this regard, together with such other and further relief deemed just and fit.

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted August 25, 2023.

**GOLD LITIGATION PA**
PO Box 37
Dania, Florida 33004
Phone: (305) 454-2270
Fax: (305) 760-4148
Direct Email: May@goldlitigation.com
Service Email: filings@goldlitigation.com

By:  ___/s/ May Hustey_____
    May Hustey, Esquire
    Fla. Bar No:  0153214

Filing # 180590412 E-Filed 08/26/2023 11:16:36 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD ,

      Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

      Defendant.

CASE NO.:

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

The Plaintiff, Haitian Church of God,  ("Plaintiff"), by and through undersigned counsel, and pursuant to Fla.R.Civ.P. 1.350, hereby requests that the defendant, Great Lakes Insurance SE ("Defendant"), produce the following items for inspection and copying at the offices of its counsel within the timeframe specified by the Florida Rules of Civil Procedure:

    1.      All policies of insurance to which the Plaintiff is a named insured or additional payee, together with any declaration of coverage pages, and any additional addendums thereto.

    2.      Any and all correspondence to or from any attorney representing the Plaintiff, and any and all documents attached to said correspondence, pertaining to Plaintiff's insurance claims with Defendant, including but not limited to Claim Number 221594.

    3.      Any and all correspondence to or from any public adjuster representing the Plaintiff, and any and all documents attached to said correspondence, pertaining to Plaintiff's insurance claims with Defendant, including but not limited to Claim Number 221594.

    4.      Any and all correspondence to or from the Plaintiff, and any and all documents attached to said correspondence, pertaining to Plaintiff's insurance claims with Defendant, including but not limited to Claim Number 221594.

**Gold Litigation PA**
PO Box 37.  Dania, Florida 33004 ·Phone: 305-454-2270 · 305-760-4148 (fax)

5.      Any and all documents of whatever nature and kind submitted by the Plaintiff and/or his/her agents, public adjusters and/or attorneys, etc., to the Defendant, its agents, servants and/or employees in regard to the subject loss.

6.      Any and all documents which Defendant considered or relied upon in determining the benefits due or not due to Plaintiff in regards to the claims made.

7.      Any and all photographs, recordings, charts, graphs, sketches and any other tangible items or documentary evidence relating to the Plaintiffs' insurance claims with Defendant, including but not limited to Claim Number 221594.

8.      Any and all photographs, recordings, charts, graphs, sketches and any other tangible items or documentary evidence which Defendant intends to use during the trial in this cause and which have not been produced in response to any of the preceding paragraphs.

9.      Copy of the Defendant's entire claim file, including front and back cover, for the Plaintiff's claim number 221594 as it is kept in the normal course of business, excluding any documents to which Defendant claims a privilege. ALL DOCUMENTS FOR WHICH DEFENDANT ALLEGES A PRIVILEGE SHALL BE LISTED IN THE MANNER DESCRIBED IN F.R.C.P. 1.350.

10.     The Defendant's entire claim file up from the date of the initial notice of the loss until the day before the Defendants knew that Defendant was going to deny or litigate the claim.

11.     Any and all documents relating to or supporting Defendant's denial of any allegation of Plaintiff's complaint, and relating to or supporting each affirmative or general defense asserted by Defendant.

12.    Any and all statements, whether written, oral or recorded in whatever fashion, including transcripts thereof or electronic recordings of same, taken of any or all witnesses or other persons by the Defendant or its agents, with regard to the subject matter of this lawsuit.

13.    A list and/or documents showing the names, addresses and telephone numbers of any and all witnesses whose statements have been taken, indicating their full legal name, residential address, business address and telephone number, in regard to the subject matter of this litigation.

14.    Any and all documents by and between the Defendant and its investigators, insurance adjusters and appraisers relating to the subject matter of the Complaint.

15.    Any and all expert reports including but not limited to reports regarding cause and origin, estimates for repair and/or replacement, damage to the Plaintiff's property in question, or any other subject matter concerning this litigation prepared by any experts who may be, or will be, utilized at the time of trial on behalf of the Defendant.

16.    Copies of any and all sworn Proofs of Loss submitted by or on behalf of the Plaintiffs relative to the subject claim and documentation accepting and/or rejecting said Proofs of Loss and, any and all documentation of any kind or nature relied upon relative to the Defendant's acceptance or rejection of said Proofs of Loss.

17.    Any and all documentation or other tangible evidence which Defendant contends supports its claim that all conditions precedent to bringing this action have not been met (if applicable).

18.    A copy of any and all reports by any general contractor, roofer, electrician, or other construction personnel hired by the Defendant to examine and/or evaluate any of the claims asserted by the Plaintiff.

19.     Any and all documents indicating prior claims at the property located at 185 NW 1 ST.  Homestead, FL 33033 .

20.     Your entire underwriting file, complete with color photographs, ratemaking analyses, inspection reports, risk assumption.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon

the Defendant with the effectuation of service of process in this action.

Respectfully submitted August 25, 2023.

GOLD LITIGATION PA
PO Box 37
Dania, Florida 33004
Phone: (305) 454-2270
Fax: (305) 760-4148
Email: May@goldlitigation.com
Service Email: filings@goldlitigation.com

By:  __/s/ May Hustey____
     May Hustey, Esquire
     Fla. Bar No:  0153214

Filing # 180590412 E-Filed 08/26/2023 11:16:36 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD ,

     Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

     Defendant.

CASE NO.:

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

The Plaintiff, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.340, and hereby propounds his or her First Set of Interrogatories on the Defendant, along with a copy thereof, and requests that same be answered under oath within the timeframe specified by the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon the Defendant with the effectuation of service of process in this action.

Respectfully submitted August 25, 2023.

GOLD LITIGATION PA
PO Box 37
Dania, Florida 33004
Phone: (305) 454-2270
Fax: (305) 760-4148
Direct Email: May@goldlitigation.com
Service Email: filings@goldlitigation.com

By: __/s/ May Hustey____
    May Hustey, Esquire
    Fla. Bar No:  0153214

## **INTERROGATORIES**

1.      Please state the full name, occupation, present residence and business address of the person answering these interrogatories and anyone who assisted in answering same.

ANSWER:

2.      Please state the basis in the insurance policy, in relation to the facts and applicable law, for your decision to pay less than the entire amount of the claim presented by the insured.

ANSWER:

3.      Please describe each document upon which you rely for your decision to pay less than the entire amount claimed by the insured, with sufficient particularity to allow their description in a Request for Production.

ANSWER:

4.      Please describe all facts and circumstances giving rise to each of your defenses and affirmative defenses in this matter.

ANSWER:

5.      Please describe the basis in the insurance policy in relation to the facts and applicable law for each of your defenses and the affirmative defenses in this matter.

ANSWER:

6.     Please list the name, address, and telephone number of all witnesses who have knowledge of the basis for, or the facts and circumstances giving rise to, each of your Affirmative Defenses in this matter, and please describe each document on which you rely for each Affirmative Defense or which is related to same, with sufficient particularity to allow a description in a Request for Production.

ANSWER:

7.     Please state with specificity all actions taken by the Defendant with regard to the evaluation and investigation the subject claim.

ANSWER:

8.     Please list the names and addresses of any and all persons with whom the Defendant, and/or any of their agents, servants or employees obtained a statement, either oral, recorded or written, and state the date the statement was taken, and whether the statement was oral, recorded or written, and who is in possession of said statement.

ANSWER:

9.     Please state with specificity any and all defenses the Defendant asserts to Plaintiff's Complaint, outlining all individuals who will testify in support thereof, listing any and all documents which support each defense and outlining any and all evidence the Defendant has to support to said defense.

ANSWER:

10.    Please state with specificity whether the Defendant, its agents, servants, experts and/or employees removed any items from the subject premises, and if so, please specify which items were removed; when said items were removed; where said items are presently; and whether or not you had the insured's permission to remove said item(s).

ANSWER:

11.    Please state when you received Plaintiff's sworn proof(s) of loss relative to the subject claim, if it was rejected, the date they were rejected and the basis for rejection. Please delineate any and all applicable insurance policy provisions and/or documentation you relied upon relative to the rejection of any and all sworn proof of loss submitted by the Plaintiffs herein.

ANSWER:

12.    Please state if you contend or assert that any information and/or documentation necessary for you to complete your investigation or evaluation of the subject claim has not been provided to you, specifying the particular documents or information and why said documentation and/or information is relevant, material and/or necessary to pay the Plaintiff in whole or part for any of the damages claimed to be sustained.

ANSWER:

13.    Please describe the experience, training and educational background of each person who investigated, evaluated, managed and/or reviewed or otherwise handled Plaintiffs' claim, or rendered any written or oral report regarding the claim.

ANSWER:

14.    For each person who may or is expected by you, your attorney or any representative of yours, to testify as an expert witness during trial of this matter, please state-the (A) name, (B) professional address, (C) home address, (D) professional occupation, (E) specialty field, (F) all qualifications enabling him/her to render an opinion in this cause, (G) the subject matter he/she is expected to testify on, and (H) any and all opinions he/she has rendered in regard to the subject matter of this litigation outlining each fact or facts determined the substance of the facts relied upon and a summary of grounds of each opinion.

ANSWER:

15.    Please state whether the expert rendered any report to you with regard to the subject matter of this litigation and if so, sufficiently describe the reports so that the Plaintiffs can propound a request for Production for same.

ANSWER:

16.    Please state whether the Defendant has evaluated the damages caused by the subject claim, and if so, please state with specificity who performed the evaluation and/or estimate; when said evaluation or estimate was performed; and the amount of damages the Defendant agrees were caused by the subject claim, outlining the basis for same.

ANSWER:

17.    Please list the names and addresses of all persons who are believed or known by you, your agents or attorneys, to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject matter about which the witness has knowledge.

ANSWER:

**SWORN AND SUBSCRIBED TO BY:**

_____

Print Name: _____

**STATE OF FLORIDA**

**COUNTY OF** _____

      **BEFORE ME,** the undersigned authority, on this ____ day of _____, 2021, did personally appear _____, who is personally known to me or who produced _____ as identification, and who after taking an oath has deposed and said that he is authorized to answer these interrogatories on behalf of the Defendant and that said answers are true and correct based upon his own personal knowledge.

                                                _____

                                                Notary Public, State of Florida

Filing # 180590412 E-Filed 08/26/2023 11:16:36 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

     Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

     Defendant.

CASE NO.:

## PLAINTIFF'S DEPOSITION PRIORITY REQUEST

The Plaintiff, by and through undersigned counsel, hereby requests deposition dates of the Defendant's Field Adjuster, Desk Adjuster/Claims Examiner, and Corporate Representative who can respond to the attached Proposed Areas of Inquiry in accordance with Fla. R. Civ. P. 1.310(b)(6). **Ex. A.**

The Plaintiff requests 4 alternative dates for the requested depositions to occur.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served upon the Defendant with the effectuation of service of process in this action.

Respectfully submitted August 25, 2023.

**GOLD LITIGATION PA**
PO Box 37
Dania, Florida 33004
Phone: (305) 454-2270
Fax: (305) 760-4148
Direct Rmail: May@goldlitigation.com
Service Email: filings@goldlitigation.com

By: ___/s/ May Hustey_____
    May Hustey, Esquire
    Fla. Bar No: 0153214

## AREAS OF INQUIRY FOR CORPORATE REPRESENTATIVE

1. The Defendant's reasons and analysis in denying or underpaying the subject claim.

2. All correspondence between Defendant and Plaintiff or Plaintiffs' representatives (including public adjusters and attorneys) and/or any third parties involved in the facts surrounding the present claim.

3. All actions taken by Defendant or any of its agents relating to the subject claim.

4. The meaning and effect of any expert reports or opinions, or any of its agent's recommendations/opinions that the Defendant relied upon.

5. The damage to Plaintiff's home relating to the subject claim.

6. The identity of the individuals who, on behalf of Defendant and relating to the subject claim, took any actions, made any analyses, or undertook any responsibilities.

7. The identity of all individuals who visited the subject property on behalf of the Defendant, and the observations taken at the subject property by those individuals.

8. The basis in the subject insurance policy for Defendant's decision not to cover or pay the subject claim.

9. The meaning, effect and background of all documents produced by Defendant in response to Plaintiff's First Request for Production.

10. The factual basis for each of Defendant's denials to allegations in the subject complaint.

11. The factual basis for each of Defendant's affirmative defenses.

12. Pre-existing damage at the property; causation and duration of those damages.

13. Valuation of the damages to the property. Valuation of the property as a whole.

14. Coverages afforded under the policy.

15. Prior claims purported to have occurred at the property and the resulting damages, when relevant.

16. Underwriting when relevant and its effect on the present claim.

**EXHIBIT "A"**

Filing # 180666928 E-Filed 08/28/2023 03:13:25 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

      Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

      Defendant.

CASE NO.: 2023-022030-CA-01

SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint in the above styled cause upon the Defendant:

By serving Registered Agent:

    Great Lakes Insurance SE
    Florida Chief Financial Officer pursuant to F.S. 624.422
    Department of Insurance
    200 East Gaines Street
    Tallahassee, Florida 32399

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is MAY HUSTEY, Esquire, of Gold Litigation PA, located at PO Box 37, Dania, FL 33004, Phone: (305) 454-2270, Email: May@goldlitigation.com, within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated: _____

JUAN FERNANDEZ-BARQUIN
Clerk of the Court

By: _____
        As Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2702, Miami, Florida 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 180666928 E-Filed 08/28/2023 03:13:25 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

      Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

      Defendant.

CASE NO.: 2023-022030-CA-01

SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint in the above styled cause upon the Defendant:

By serving Registered Agent:

    Great Lakes Insurance SE
    Florida Chief Financial Officer pursuant to F.S. 624.422
    Department of Insurance
    200 East Gaines Street
    Tallahassee, Florida 32399

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is MAY HUSTEY, Esquire, of Gold Litigation PA, located at PO Box 37, Dania, FL 33004, Phone: (305) 454-2270, Email: May@goldlitigation.com, within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

8/29/2023
Dated: _____

JUAN FERNANDEZ-BARQUIN
Clerk of the Court

By: _____  219401
        As Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2702, Miami, Florida 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 181301679 E-Filed 09/07/2023 11:55:06 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD ,

      Plaintiff(s),

vs.

GREAT LAKES INSURANCE SE,

      Defendant.

CASE NO.: 2023-022030-CA-01

## NOTICE OF FILING RETURN OF SERVICE

**COMES NOW** Plaintiff(s), Haitian Church of God  by and through undersigned counsel, and hereby gives notice of filing return of service.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via the e-filing portal on this September 7, 2023.

GOLD LITIGATION PA
PO Box 37
Dania, Florida 33004
Phone: (305) 454-2270
Fax: (305) 760-4148
Email: May@goldlitigation.com

By: ___/s/ May Hustey_____
    May Hustey, Esquire
    Fla. Bar No: 0153214

*23-000442564*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

HAITIAN CHURCH OF GOD

PLAINTIFF(S)

VS.

GREAT LAKES INSURANCE SE

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY

| | |
|---|---|
| CASE #: | 2023-022030-CA-01 |
| COURT: | 11TH JUDICIAL CIRCUIT |
| COUNTY: | MIAMI-DADE |
| DFS-SOP #: | 23-000442564 |

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, September 5, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, September 7, 2023 to the designated agent for the named entity as shown below.

> GREAT LAKES INSURANCE SE
> THOMAS M DAWSON
> MCDERMOTT WILL & EMERY LLP ONE VANDERBILT AVE
> NEW YORK, NY 10017

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis

Jimmy Patronis
Chief Financial Officer

JOSEPH GOLDGLATNZ
GOLD LITIGATION PA
1001 N FEDERAL HWY
319
HALLANDALE BEACH, FL 33009

JM1

Filing # 182604408 E-Filed 09/26/2023 12:44:10 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

       Plaintiff,

                                      Case No. 2023-022030-CA-01

v.

GREAT LAKES INSURANCE SE,

       Defendant.

_____ /

## DEFENDANT'S MOTION FOR EXTENSION OF TIME
## TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, GREAT LAKES INSURANCE SE, ("Defendant"), respectfully requests that this Honorable Court enter an Order granting a brief extension of time to respond to Plaintiff's, HAITIAN CHURCH OF GOD ("Plaintiff"), Complaint. In support, Defendant states as follow:

1.      On August 26, 2023, Plaintiff filed its Complaint.

2.      On September 7, 2023, Defendant was served with process.

3.      Accordingly, Defendant's response to Plaintiff's Complaint is due by September 27, 2023.

4.      Due to the press of business, Defendant's undersigned counsel needs additional time to investigate the allegations contained in Plaintiff's Complaint, consult with representatives for Defendant regarding the availability of defenses to Plaintiff's lawsuit, and prepare an appropriate response thereto.

5.      For these reasons, Defendant respectfully requests an extension of 20 days, until October 17, 2023, to file a response to Plaintiff's Complaint.

6.      Since this lawsuit was filed, the undersigned has, on multiple occasions, attempted to confer with Plaintiff's counsel on various matters regarding this claim, but Plaintiff's counsel

has inexplicably been unable to respond to any of the undersigned's email correspondence. Nevertheless, the undersigned shall make every effort to avoid the necessity of a hearing on the instant motion and shall continue efforts to confer with Plaintiff's counsel regarding the substance of this motion.

7.      The instant Motion is being filed in good faith and not for the purpose of delay.

8.      Moreover, the requested extension will not prejudice Plaintiff because this lawsuit was just initiated and there are no scheduled hearings or imminent deadlines that would adversely affect the Plaintiff.

**WHEREFORE**, Defendant, GREAT LAKES INSURANCE SE, respectfully requests that this Honorable Court enter an Order granting Defendant a 20-day extension of time to respond to Plaintiff's Complaint, through and including October 17, 2023, and for any and all other relief this Court deems just and proper.

Submitted September 26, 2023.

**BAKER,    DONELSON,    BEARMAN,
CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
*Attorneys for Defendant*

By:      */s/ David B. Levin*
David B. Levin
Florida Bar No.: 026394
dlevin@bakerdonelson.com
Kirstin Marie Grice
Florida Bar No.: 1011793
kgrice@bakerdonelson.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Motion*

*for Extension of Time to Respond to Plaintiff's Complaint* was filed electronically and was sent by

e-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below, on all

counsel or parties of record listed below, this September 26, 2023.

> May Hustey, Esq.
> Gold Litigation P.A.
> P.O. Box 37
> Dania, Florida 33004
> May@goldlitigation.com
> filings@goldlitigation.com
> Attorney for Plaintiff

> > > > */s/ David B. Levin*

Filing # 182791800 E-Filed 09/28/2023 11:03:22 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-022030-CA-01
SECTION: CA11
JUDGE: Carlos Lopez

**Haitian Church of God**

Plaintiff(s)

vs.

**Great Lakes Insurance SE**

Defendant(s)

_____/

### AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

**THIS MATTER** came before this Honorable Court on Defendant's, Great Lakes Insurance SE ("Great Lakes"), September 26, 2023, Defendant's Motion for Extension of Time to Respond to Plaintiff's, Haitian Church of God ("Haitian Church of God"), Complaint (the "Motion"). Upon reviewing the Agreed Motion and having noted the agreement of the parties to this Agreed Order, the Court hereby:

**ORDERS and ADJUDGES** as follows:

1. The Agreed Motion is hereby **GRANTED.**

2. Defendant, Great Lakes, shall file its Response to Plaintiff's Complaint on or before October 17, 2023.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>28th day of</u> <u>September, 2023</u>.

<u>2023-022030-CA-01 09-28-2023 10:53 AM</u>
Hon. Carlos Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Angela Shlyakhov, ashlyakhov@bakerdonelson.com
Bryana Reid, breid@bakerdonelson.com
David B Levin, dlevin@bakerdonelson.com
David B Levin, tgoff@bakerdonelson.com
David B Levin, mymarks@bakerdonelson.com
Kirsten Grice, kgrice@bakerdonelson.com
Kirsten Grice, breid@bakerdonelson.com
Kirsten Grice, ashlyakhov@bakerdonelson.com
May Hustey, may@goldlitigation.com
May Hustey, filings@goldlitigation.com

**Physically Served:**

Filing # 184170192 E-Filed 10/17/2023 04:02:23 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

      Plaintiff,

                                Case No. 2023-022030-CA-01

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____ /

**DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant, GREAT LAKES INSURANCE SE, ("Defendant"), respectfully requests that this Honorable Court enter an Order granting a brief extension of time to respond to Plaintiff's, HAITIAN CHURCH OF GOD ("Plaintiff"), Complaint.  In support, Defendant states as follow:

1.      On August 26, 2023, Plaintiff filed its Complaint.

2.      On September 7, 2023, Defendant was served with process.

3.      Accordingly, Defendant's response to Plaintiff's Complaint was due by September 27, 2023.

4.      On September 26, 2023, Defendant filed its Motion for Extension of Time to Respond to Plaintiff's Complaint.

5.      On September 28, 2023, this Honorable Court entered an Agreed Order extending the deadline to respond to the Complaint to October 18, 2023.

6.      Due to the press of business, Defendant's undersigned counsel needs additional time to investigate the allegations contained in Plaintiff's Complaint, consult with representatives for Defendant regarding the availability of defenses to Plaintiff's lawsuit, and prepare an appropriate response thereto.

7.      For these reasons, Defendant respectfully requests an extension of 14 days, until November 1, 2023, to file a response to Plaintiff's Complaint.

8.      The undersigned has attempted to confer with Plaintiff's counsel regarding this Motion but has not yet heard back.  Nevertheless, the undersigned shall make every effort to avoid the necessity of a hearing on the instant motion and shall continue efforts to confer with Plaintiff's counsel regarding the substance of this motion.

9.      The instant Motion is being filed in good faith and not for the purpose of delay.

10.     Moreover, the requested extension will not prejudice Plaintiff because this lawsuit was just initiated and there are no scheduled hearings or imminent deadlines that would adversely affect the Plaintiff.

**WHEREFORE**, Defendant, GREAT LAKES INSURANCE SE, respectfully requests that this Honorable Court enter an Order granting Defendant a 14-day extension of time to respond to Plaintiff's Complaint, through and including November 1, 2023, and for any and all other relief this Court deems just and proper.

Submitted October 17, 2023.

> **BAKER,   DONELSON,   BEARMAN, CALDWELL & BERKOWITZ, PC**
> 1 Financial Plaza, Suite 1620
> Fort Lauderdale, Florida 33394
> Telephone: (954) 768-1600
> *Attorneys for Defendant*
>
> By:     */s/ David B. Levin*
> David B. Levin
> Florida Bar No.: 026394
> dlevin@bakerdonelson.com
> Kirstin Marie Grice
> Florida Bar No.: 1011793
> kgrice@bakerdonelson.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Second*

2

*Motion for Extension of Time to Respond to Plaintiff's Complaint* was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below, on all counsel or parties of record listed below, this October 17, 2023.

> May Hustey, Esq.
> Gold Litigation P.A.
> P.O. Box 37
> Dania, Florida 33004
> May@goldlitigation.com
> filings@goldlitigation.com
> Attorney for Plaintiff

> /s/ David B. Levin

Filing # 184567918 E-Filed 10/23/2023 04:31:39 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

      Plaintiff,

                                    Case No. 2023-022030-CA-01

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____ /

## DEFENDANT'S MOTION FOR EXTENSION OF TIME
## TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

Defendant, GREAT LAKES INSURANCE SE, ("Defendant"), respectfully requests that this Honorable Court enter an Order granting a brief extension of time to respond to Plaintiff's, HAITIAN CHURCH OF GOD ("Plaintiff"), discovery requests.  In support, Defendant states as follow:

1.     On August 26, 2023, Plaintiff filed his Complaint.

2.     On September 7, 2023, Defendant was served with Plaintiff's First Request for Production and First Set of Interrogatories.

3.     Accordingly, Defendant's response to Plaintiff's discovery requests are due by October 23, 2023.

4.     The undersigned reached out, via email, to Plaintiff's counsel to discuss this Motion before filing and has not yet heard back from counsel as to agreement.  The undersigned will make every effort to resolve this Motion with Plaintiff's counsel.

5.     For these reasons, Defendant respectfully requests an extension of 20 days to respond to Plaintiff's discovery requests.

6.     The instant Motion is being filed in good faith and not for the purpose of delay.

7.     Moreover, the requested extension will not prejudice Plaintiff because this lawsuit was just initiated and there are no scheduled hearings or imminent deadlines that would adversely affect the Plaintiff.

**WHEREFORE**, Defendant, GREAT LAKES INSURANCE SE, respectfully requests that this Honorable Court enter an Order granting Defendant a twenty (20) day extension of time to respond to Plaintiff's discovery requests, through and including November 13, 2023, and for any and all other relief this Court deems just and proper.

Submitted October 23, 2023.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
*Attorneys for Defendant*

By:    */s/ David B. Levin*
       David B. Levin
       Florida Bar No.: 026394
       dlevin@bakerdonelson.com
       Kirstin Marie Grice
       Florida Bar No.: 1011793
       kgrice@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Motion*

*for Extension of Time to Respond to Plaintiff's Discovery Requests* was filed electronically and

was sent by e-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below,

on all counsel or parties of record listed below, this October 23, 2023.

> May Hustey, Esq.
> Gold Litigation P.A.
> P.O. Box 37
> Dania, Florida 33004
> May@goldlitigation.com
> filings@goldlitigation.com
> Attorney for Plaintiff

/s/ *David B. Levin*____

Filing # 184638252 E-Filed 10/24/2023 01:45:05 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-022030-CA-01
SECTION: CA11
JUDGE: Carlos Lopez

**Haitian Church of God**

Plaintiff(s)

vs.

**Great Lakes Insurance SE**

Defendant(s)

_____/

## AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

THIS MATTER came before this Honorable Court on Defendant's, Great Lakes Insurance SE ("Great Lakes"), October 24, 2023, Defendant's Motion for Extension of Time to Respond to Plaintiff's, Haitian Church of God ("Haitian Church of God"), Discovery Requests (the "Motion"). Upon reviewing the Agreed Motion and having noted the agreement of the parties to this Agreed Order, the Court hereby:
ORDERS and ADJUDGES as follows:
    1. The Agreed Motion is hereby GRANTED.
    2. Defendant, Great Lakes, shall file its Response to Plaintiff's Discovery Requests on or before November 13, 2023.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 24th day of October, 2023.

2023-022030-CA-01 10-24-2023 1:34 PM
Hon. Carlos Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

> No Further Judicial Action Required on **THIS MOTION**
>
> CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Angela Shlyakhov, ashlyakhov@bakerdonelson.com
David B Levin, dlevin@bakerdonelson.com
David B Levin, tgoff@bakerdonelson.com
David B Levin, mymarks@bakerdonelson.com
Kirsten Grice, kgrice@bakerdonelson.com
Kirsten Grice, breid@bakerdonelson.com
Kirsten Grice, ashlyakhov@bakerdonelson.com
May Hustey, may@goldlitigation.com
May Hustey, filings@goldlitigation.com


**Physically Served:**

Filing # 184999305 E-Filed 10/30/2023 12:02:50 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-022030-CA-01**
**SECTION: CA11**

**Haitian Church of God**
Plaintiff(s),

**vs.**

**Great Lakes Insurance SE**
Defendant(s)

_____/

## CASE MANAGEMENT ORDER (STREAMLINED PATHWAY)

 

**THIS CAUSE** came before the Court on case management review. Based on the review of
the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case
Management Deadlines, and it is hereby

**ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of
court. The parties shall strictly comply with the deadlines and should expect that the case
will be tried during the anticipated trial period specified, without continuances. The parties
cannot agree to extend the deadlines and cannot agree to waive any portion of the
provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil
Procedure and the Administrative Orders of the Court, the parties shall comply with the
Case Management Procedures in this order. The parties may not unilaterally extend any of
the deadlines contained in the Case Management Procedures. Deadlines may be altered by
the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **12-23-2023** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **01-12-2024** |
| **Deadline for Witness and Exhibit List, including known experts:** | **02-16-2024** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **02-26-2024** |
| **Deadline for Adding Parties:** | **03-28-2024** |
| **Deadline for Inspections/Examinations:** | **04-12-2024** |
| **Deadline for Expert Disclosure:** | **05-02-2024** |
| **Deadline for Discovery Completion (Including Depositions):** | **06-01-2024** |
| **Deadline for Final Witness and Exhibit List:** | **06-01-2024** |
| **Deadline for Dispositive Motions:** | **06-01-2024** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **06-11-2024** |
| **Deadline for ADR/Mediation:** | **06-11-2024** |
| **Trial Ready Deadline:** | **07-11-2024** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and set</u> for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>  <u>Last minute cancellations are disfavored.</u>

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all   documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## Mediation

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

　　　　**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this __29th day of October, 2023__ .

2023-022030-CA-01 10-29-2023 11:35 PM

2023-022030-CA-01 10-29-2023 11:35 PM

**Carlos Lopez**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

David B Levin, dlevin@bakerdonelson.com
David B Levin, tgoff@bakerdonelson.com
David B Levin, mymarks@bakerdonelson.com
Kirsten Grice, kgrice@bakerdonelson.com
Kirsten Grice, breid@bakerdonelson.com
Kirsten Grice, ashlyakhov@bakerdonelson.com
May Hustey, may@goldlitigation.com
May Hustey, filings@goldlitigation.com

Filing # 185231730 E-Filed 11/01/2023 12:05:21 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

        Plaintiff,                          Case No.: 2023-022030-CA-01

v.

GREAT LAKES INSURANCE SE,

        Defendant.

_____ /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, Great Lakes Insurance SE ("Great Lakes"), by and through its undersigned counsel and pursuant to Fla. R. Civ. P. 1.110 & 1.140, hereby files its Answer and Affirmative Defenses and states as follows:

1.      In response to the allegations in paragraph 1 of the Complaint, Great Lakes admits only that Plaintiff has brought an action seeking damages in excess of $50,000 but denies that Plaintiff is entitled to any such damages and demands strict proof thereof.

2.      Great Lakes is without knowledge as to the allegations in paragraph 2 of the Complaint, and therefore demands strict proof thereof.

3.      In response to the allegations in paragraph 3 of the Complaint, Great Lakes admits only that it is authorized to do business in Florida. Otherwise, denied and strict proof demanded.

4.      In response to the allegations in paragraph 4 of the Complaint, Great Lakes admits only that it issued an insurance policy for the property located at 185 NW 1st St., Homestead, Florida 33033 (hereinafter, the "Property"), bearing policy number 21GLK0717 with effective dates from October 2, 2021 to October 2, 2022 (the "Policy"). Great Lakes further states that the

Policy speaks for itself relative to its terms, conditions, coverages, and exclusions, and any statements made inconsistent therewith are expressly denied and strict proof is demanded.

5.      Great Lakes denies the allegations in paragraph 5 of the Complaint and demands strict proof thereof.  Great Lakes further states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions, and any statements made inconsistent therewith are expressly denied and strict proof is demanded.

6.      In response to the allegations in paragraph 6 of the Complaint, Great Lakes admits only that the Policy bearing policy number 21GLK0717 was in effect from October 2, 2021 to October 2, 2022.  Otherwise, denied and strict proof demanded.

7.      In response to the allegations in paragraph 7 of the Complaint, Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions, and any statements made inconsistent therewith are expressly denied and strict proof is demanded.

8.      Great Lakes denies the allegations in paragraph 8 of the Complaint and demands strict proof thereof.

9.      In response to the allegations in paragraph 9, Defendant admits only that the third-party claims administrator acting for and on behalf of Great Lakes assigned claim number 221594 to the alleged loss said to have occurred on September 28, 2022.  Otherwise, denied and strict proof demanded.

10.     Great Lakes denies the allegations in paragraph 10 of the Complaint and demands strict proof thereof.

11.     Great Lakes denies the allegations in paragraph 11 of the Complaint and demands strict proof thereof.

12.     Great Lakes denies the allegations in paragraph 12 of the Complaint and demands strict proof thereof.

13.     Great Lakes denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14.     Great Lakes denies the allegations in paragraph 14 of the Complaint and demands strict proof thereof.

15.     Great Lakes denies the allegations in paragraph 15 of the Complaint and demands strict proof thereof.

16.     Great Lakes denies the allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17.     Great Lakes denies the allegations in paragraph 17 of the Complaint and demands strict proof thereof.

**WHEREFORE**, having answered Plaintiff's Complaint, Great Lakes requests this Court enter judgment in its favor in all respects, and deny Plaintiff's requested relief, and award any and all other such relief deemed just and proper, including, without limitation, awarding Great Lakes its reasonable attorney's fees incurred defending this suit.

## **GENERAL DENIAL**

Great Lakes expressly denies any and all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

1.      Great Lakes states that its liability to Plaintiff, if any, in whole or in part, is strictly limited to the terms, conditions, limits, sub-limits, coverages, exclusions, and endorsements contained in the Policy, including application of the Policy's deductible.  Great Lakes further states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof is demanded.

2.      Plaintiff's Claim is barred, in whole or in part, to the extent the alleged loss is not covered under the Policy, as it resulted from, including, but not limited to, wear and tear; rust or other corrosion, decay, deterioration, hidden or latent defect; settling, cracking, shrinking or expansion; or mechanical breakdown, pursuant to the Exclusions under the Policy's Causes of Loss – Special Form (CP 10 30 10 12).  Specifically, Great Lakes retained an engineer (the "Engineer") who determined that the water intrusion in the building is a result of inadequately installed flashing around the roof penetrations and a compromised underlayment from installation deficiencies.  Further, the Engineer determined that the chips and cracks observed on the roofing tiles were consistent with damage caused by pressure washing the roof.  Finally, the Engineer also concluded that the dark-colored stains and wood rot observed on the roof sheathing inside the attic above the areas of interior ceiling stains were consistent with multiple years of moisture intrusion.

3.      Plaintiff's Claim is barred, in whole or in part, to the extent the alleged loss is not covered under the Policy, as it resulted from, including, but not limited to, faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling grading, compaction; materials used in repair, construction, renovation or remodeling; or

maintenance, pursuant to the Exclusions under the Policy's Causes of Loss – Special Form (CP 10 30 10 12).  Specifically, Great Lakes Engineer determined that the water intrusion in the building is a result of inadequately installed flashing around the roof penetrations and a compromised underlayment from installation deficiencies.  Further, the Engineer determined that the chips and cracks observed on the roofing tiles were consistent with damage caused by pressure washing the roof.

4.      Plaintiff's Claim is barred, in whole or in part, to the extent the alleged loss is not covered under the Policy, as it resulted from, including, but not limited to continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurred over a period of fourteen (14) days or more, pursuant to the Exclusions under the Policy's Causes of Loss – Special Form (CP 10 30 10 12).  As previously mentioned, Great Lakes' Engineer determined that the water intrusion in the building is a result of inadequately installed flashing around the roof penetrations and a compromised underlayment from installation deficiencies.  The Engineer found that the light color of the water stains remaining on the interior ceiling areas were indicative of short-term events consistent with *weeks* of moisture, and the dark-colored stains and wood rot observed on the roof sheathing inside the attic above the areas of interior ceiling stains were consistent with multiple *years* of moisture intrusion.

5.      Plaintiff's Claim is barred, in whole or in part, to the extent the alleged loss is not covered under the Policy because the alleged damage pre-exists the effective date of the Policy. Here, much of the alleged damage is long-term in nature.  As previously mentioned, Great Lakes' Engineer determined that the water intrusion in the building is a result of inadequately installed flashing around the roof penetrations and a compromised underlayment from installation deficiencies.  Further, the Engineer also concluded that the dark-colored stains and

wood rot observed on the roof sheathing inside the attic above the areas of interior ceiling stains were consistent with multiple *years* of moisture intrusion.

6.     Plaintiff's Claim is barred, in whole or in part, to the extent the Plaintiff is claiming loss or damage caused by or resulting from fungus, wet rot, dry rot, or bacteria, as outlined in the Policy's Fungus, Wet Rot, Dry Rot, and Bacteria Exclusion (GLK 4040 PR 08 09).  Specifically, the Engineer found wood rot on the roof sheathing inside the attic that he determined was consistent with multiple years of moisture intrusion.  Accordingly, to the extent any damage resulted from the wood rot, this would be excluded under the Policy.

7.     Without conceding that coverage exists for this claim, Plaintiff's lawsuit is barred, in whole or in part, because any covered damage that might be found to exist would fall below the Policy's 5% hurricane deductible of $17,500.

8.     Plaintiff's Claim for interior damage resulting from water intrusion is barred to the extent rainwater did not enter through an opening in the roof or walls caused by a Covered Cause of Loss.  Specifically, pursuant to the terms of the Policy, there is no coverage for interior water damage caused by or resulting from rain, whether driven by wind or not, unless the building first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain enters.  (*See* CP 10 30 10 12.)  As discussed above, Great Lakes' Engineer determined that the water intrusion was the result of inadequately installed flashing around the roof penetrations and a compromised underlayment from installation deficiencies, and that this damage was unrelated to wind damage.

9.     To the extent it is determined that coverage for Plaintiff's Claim exists, which is disputed, then Plaintiff's Claim is barred, in whole or in part, because Plaintiff failed to perform its "Duties In the Event of Loss or Damage" by failing to "[t]ake all reasonable steps to protect

the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." *See* Building and Personal Coverage Form CP 00 10 10 12.

10.     Plaintiff's Claim is barred, in whole or in part, to the extent Plaintiff's damages were due to neglect by failure to use all reasonable means to save and preserve the Property at and after the time of loss, as provided by the Exclusions of the Policy's Causes of Loss – Special Form (CP 10 30 10 12).

11.     Without conceding that coverage exists for this claim, Plaintiff's Claim fails, in whole or in part, to the extent the damages claimed are excessive in scope, and beyond that which would be required to return the property to its pre-loss condition.

12.     Without conceding that coverage exists for this claim, Plaintiff's Claim is barred, in whole or in part, to the extent the Plaintiff seeks upgrades and/or betterment or demands repairs to unaffected areas.

13.     Without conceding that coverage exists for this claim, Plaintiff's Claim is barred, in whole or in part, to the extent it includes matching costs which are not awardable under Florida law.

14.     Great Lakes states that any and all damages Plaintiff seeks to recover are subject to set-off, contribution, and/or recoupment.

15.     Plaintiff's Claim is barred, in whole or in part, to the extent Plaintiff failed to fully mitigate its alleged damages.

## **RESERVATION OF DEFENSES**

Great Lakes reserves its right to assert additional affirmative defenses that may be discovered or revealed as this matter proceeds through discovery.

Case No. 2023-022030-CA-01

**WHEREFORE**, having answered Plaintiff's complaint, Great Lakes respectfully requests this Court enter judgment for Great Lakes on its defenses and as to each claim, and award all other relief this Court deems just and proper, including awarding Great Lakes' its reasonable attorney's fees and costs incurred.

Submitted November 1, 2023

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

By:   */s/ David B. Levin*
Florida Bar No.: 026394
dlevin@bakerdonelson.com
Kirstin M. Grice
Florida Bar No.: 1011793
kgrice@bakerdonelson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defense was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below, on all counsel or parties of record listed below, this November 1, 2023.

May Hustey, Esq.
Gold Litigation P.A.
P.O. Box 37
Dania, Florida 33004
May@goldlitigation.com
filings@goldlitigation.com
*Attorneys for Plaintiff*

*/s/ David B. Levin*

Filing # 186008876 E-Filed 11/13/2023 03:08:06 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAITIAN CHURCH OF GOD,

    Plaintiff,

                                              Case No. 2023-022030-CA-01

v.

GREAT LAKES INSURANCE SE,

    Defendant.

_____ /

**<u>NOTICE OF SERVICE OF DISCOVERY RESPONSES</u>**

    Defendant, GREAT LAKES INSURANCE SE ("Great Lakes"), gives notice of having

served the following discovery responses on counsel for Plaintiff:

    1.  On November 13, 2023:

        a.  Great Lakes' Verified Responses to Plaintiff's Interrogatories; and

        b.  Great Lakes' Response to Plaintiff's Request for Production.

Submitted November 13, 2023.

                                      **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
                                      1 Financial Plaza, Suite 1620
                                      Fort Lauderdale, Florida 33394
                                      Telephone: (954) 768-1600
                                      *Attorneys for Defendant*

                      By:     */s/ David B. Levin*
                                 David B. Levin
                                 Florida Bar No.: 026394
                                 dlevin@bakerdonelson.com
                                 Kirstin Marie Grice
                                 Florida Bar No.: 1011793
                                 kgrice@bakerdonelson.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 13, 2023, a true copy of the foregoing Notice of Service

of Discovery Responses has been filed with the Clerk of the Court using the Florida Courts E-

Filing Portal, which will serve a copy via electronic mail on:

> May Hustey, Esq.
> Gold Litigation P.A.
> P.O. Box 37
> Dania, Florida 33004
> May@goldlitigation.com
> filings@goldlitigation.com
> Attorney for Plaintiff

/s/ <em>David B. Levin</em>_____